IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRITTON DUANE McKENZIE,

                Plaintiff,

   v.

PAUL MILBRATH and KAREN BUTLER,

                Defendants.

ORDER

15-cv-116-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Britton Duane McKenzie is proceeding in this case on his Eighth Amendment claim that defendants Paul Milbrath and Karen Butler denied plaintiff proper medical care while plaintiff was incarcerated at the Jefferson County jail. On April 15, 2015, defendants filed their answers to plaintiff's complaint and a pretrial conference order was entered on May 27, 2015. Both defendants have filed motions seeking dismissal on the ground that plaintiff did not exhaust his administrative remedies before filing this lawsuit. Dkts. #18 and #23. Plaintiff has not filed a response to either motion. Instead, on July 27, 2015 plaintiff filed a motion to expedite proceedings because of his declining health (dkt. #25) and now plaintiff has filed a motion to withdraw this case (dkt. #28).

When a motion for dismissal is filed after a defendant has filed an answer, Rule 41(a)(2) provides that the action may be dismissed by the plaintiff "only upon order of the court and upon such terms and conditions as the court deems proper." Because defendants

1

have both filed answers and dispositive motions, I will grant plaintiff's motion to withdraw this case only on the condition that the dismissal is with prejudice, which means that plaintiff will be barred from bringing these claim in this current case or in any future action.

In his motion, plaintiff states that his withdrawal "in no way releases the defendants of their culpability." However, as explained above, a dismissal with prejudice means that plaintiff can no longer pursue these claims. Because defendants do not agree to a dismissal without prejudice and plaintiff may not have understood the consequences of filing a motion to dismiss his case, plaintiff will have an opportunity to withdraw his motion. However, if plaintiff chooses to withdraw his motion and proceed with the case, he will have to file a response to the pending motions. If plaintiff objects to the dismissal of his case with prejudice, but he does not file an opposition brief, I will decide defendants' motions without plaintiff's input.

ORDER

IT IS ORDERED that

1. Plaintiff Britton Duane McKenzie may have until August 27, 2015, in which to either (1) withdraw his motion to dismiss and file a response to defendants' pending motions or (2) advise the court that he has no objection to a dismissal of this case with prejudice.

2. If, by August 27, 2015, plaintiff fails to request withdrawal of his notice of

voluntary dismissal, the clerk of court is directed to enter judgment dismissing this case with prejudice.

Entered this 13th day of August, 2015.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge